**BALTIMORE NEIGHBORHOODS, INC., and Kevin Beverly**

v.

**ROMMEL BUILDERS, INC.**

**No. Civ. B–96–914.**

United States District Court, D. Maryland.

May 6, 1998.

Lauren E. Willis, Andrew D. Levy, Brown, Goldstein & Levy, LLC, Baltimore, MD, for Plaintiffs.

Donald B.W. Messenger, Beltsville, MD, for Defendant.

Isabelle Katz Pinzler, Acting Asst. Atty. Gen., Civil Rights Div., Joan A. Magagna, Chief, Brian F. Heffernan, Deputy Chief, Myron S. Lehtman, Senior Trial Atty., Housing and Civil Enforcement Sec. of Civil Rights Div. of Dept. of Justice, Washington, DC, Lynne A. Battaglia, U.S. Atty., Kaye A. Allison, Asst. U.S. Atty., Baltimore, MD, for U.S. as Amicus Curiae.

WALTER E. BLACK, Jr., Senior District Judge.

Presently pending before the Court are two cross motions for summary judgment: (1) a Motion for Summary Judgment filed on behalf of defendant Rommel Builders, Inc. ("Rommel Builders"), a construction company that built Lions Gate Garden Condominiums ("Lions Gate") located in Anne Arundel County, Maryland, and (2) a Motion for Summary Judgment filed on behalf of plaintiffs,

Baltimore Neighborhoods, Inc., a nonprofit corporation which promotes equal housing opportunities, and Kevin Beverly, a handicapped individual who uses a wheelchair for mobility. Plaintiffs subsequently filed a *Supplemental Memorandum in Support of Their Motion for Summary Judgment* and the United States filed a brief as *amicus curiae* in support of plaintiffs' memorandum.

On March 26, 1996, plaintiffs sued Rommel Builders alleging a failure to comply with the dwelling accessibility requirements of the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3604(f). Specifically, the complaint alleges that Rommel Builders owns, operates, and is involved in building and developing a condominium complex known as Lions Gate and that this complex's three-story multifamily dwellings are not wheelchair accessible.

On April 19, 1996, prior to the filing of the instant motions, the defendant filed a motion for summary judgment contending that it was not connected with the design and construction of Lions Gate Condominium. It also argued that it was merely complying with contractual obligations to follow architectural designs prepared by others. The Court denied the motion on the grounds that the defendant did not provide sufficient facts to support its legal conclusions in accordance with summary judgment standards.

## I.

In the pending motion filed on behalf of the defendant, Rommel Builders seeks the entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that it did not both "design *and* construct" Lions Gate in violation of the FHAA. *See id.* § 3604(f)(3)(C) (emphasis added). Defendant interprets the "design and construct" phrase in § 3604(f)(3)(C) to require that an entity both design *and* construct in violation of the statute to be held liable. Rommel Builders asserts that it does not own or operate Lions Gate, but that it only constructed the project and is therefore not an appropriate defendant under the FHAA. In response, plaintiffs contend that to accomplish the statute's broad remedial goal of increasing the stock of available housing for disabled persons, any party that participates in the design *and/or* construction process of a covered dwelling may be potentially liable for failure to comply with the FHAA accessibility requirements. Plaintiffs' interpretation of the "design and construct" phrase is much broader than the narrower, conjunctive interpretation presented by defendant. Furthermore, plaintiffs propose that all entities involved in the design and/or construction of covered dwellings in violation of the FHAA should be liable as joint tortfeasors.

Second, Rommel Builders argues that it is not an appropriate defendant under § 3604(f) because the remedial scheme of the FHAA is ill-suited for builders. Defendant contends that it does not own or control the property; therefore it could not effectuate the available injunctive remedies specified in the statute. Plaintiffs respond by citing other acceptable remedies which builders could satisfy such as contributing funds to: (1) compensate prospective plaintiffs' injuries, (2) encourage ground floor owners to refit their homes to meet FHAA requirements, and (3) allow other homeowners to refit their homes.

In the cross motion for summary judgment filed by plaintiffs pursuant to Rule 56, they argue that defendant constructed Lions Gate in direct violation of the accessibility requirements of § 3604(f)(3)(C); thus Rommel Builders is liable. Plaintiffs identify several items of construction at Lions Gate that do not meet FHAA requirements. Plaintiffs also argue that Rommel Builders violated § 3604(f)(2)(A) which prohibits discrimination in "the provision of services or facilities in connection with such dwelling" by providing construction services which discriminate against handicapped persons who cannot enter and move about the inaccessible ground floor units at Lions Gate. In response, defendant reiterates its argument that regardless of any violations of the FHAA at Lions Gate, Rommel Builders is not an appropriate defendant because it was not involved in both the design *and* construction. Rather, Rommel Builders asserts it was merely following orders from the owner/developer, the Lions Gate Joint Venture, to adhere to the architectural plans designed by others. More-

over, defendant also rejects the plaintiffs' assertion that construction is a "service" as contemplated by the FHAA.

Finally, plaintiffs filed a supplemental memorandum in support of their motion for summary judgment relating to the meaning of "features of adaptive design," 42 U.S.C. § 3604(f)(3)(C)(iii), which was discussed at an oral hearing before the Court on August 29, 1997, in a companion case, *Baltimore Neighborhoods, Inc. v. Berkus Group Architects, et al.,* Civil Action No. B–97–120 (D.Md.). The United States has filed a brief as *amicus curiae* in support of plaintiffs' supplemental memorandum.

## II.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment can only be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186–87, 111 L.Ed.2d 695 (1990). Summary judgment is not appropriate unless, viewing the possible inferences in a light most favorable to the non-moving party, no reasonable jury could return a verdict in its favor. *Helm v. Western Maryland Ry. Co.,* 838 F.2d 729, 734 (4th Cir.1988); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52. It should also be noted that in the Fourth Circuit the standard for summary judgment is strict, and that summary judgment is inappropriate even if merely the inferences to be drawn from the facts are in dispute. *Morrison v. Nissan Motor Co., Ltd.,* 601 F.2d 139, 141 (4th Cir.1979); *Pulliam Inv. Co., Inc. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987).

Nonetheless, when a motion for summary judgment has been made and supported, Rule 56(e) provides that an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. The mere existence of a scintilla of evidence is insufficient. Rather, there must be evidence from which the jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 249. In the absence of such a minimal showing, the moving party should not be required to undergo the considerable expense of preparing for and participating in a trial.

In any event, however, a trial court may deny summary judgment "in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson,* 477 U.S. at 255. Such an approach harmonizes well with the court's duty to exercise caution in resolving motions for summary judgment.

## III.

The FHAA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter...." 42 U.S.C. § 3604(f)(1)(A). Further, § 3604(f)(2) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—(A) that person...." Pursuant to the FHAA, discrimination includes, "in connection with the design and construction of covered multifamily dwellings ... a failure to design and construct" such dwellings in accordance with the accessibility and adaptability design features outlined in the statute. *Id.* § 3604(f)(3). The general requirements include making public use and common use areas "readily accessible to and usable by handicapped persons," making doorways wide enough to accommodate wheelchairs, as well as enumerated "features of adaptive design" including, an accessible route into and through the dwelling, placing switches and other controls in accessible locations, reinforcing bathroom walls to allow later installation of grab bars and allowing the maneuver of wheelchairs in kitchens and bathrooms. *Id.* § 3504(f)(3)(C).

The main issue in both motions is the interpretation of the phrase "design and construct" which addresses who may be potentially liable under the FHAA. By its own terms, the FHAA, however, does not specify the parties who may be held liable. Likewise, the regulations do not address this particular issue. By interpreting the phrase as defendant suggests, only entities that are involved in both the design and construction phase of covered dwellings could be possible defendants under the FHAA. On the other hand, reading the phrase as plaintiffs urge would expand the field of possible defendants to anyone who was involved in either designing or constructing covered dwellings.

Defendant insists that the "design and construct" phrase must be read as a single defining term. In support of this interpretation, defendant charges that plaintiffs' broader interpretation would impose possible liability on such entities as subcontractors and even individual workers. Each party has cited conflicting examples of statutes where the word "and" is found to mean only "and" and not· "or," and examples quite to the contrary.

The Court does not find either of the parties' statutory construction arguments persuasive. These arguments shed little light on Congress's intent in this case as both parties can present numerous examples of the meaning of the word "and" to fit their particular positions. The interpretation issue presented by the defendant is likewise weak, since entities such as subcontractors and individual workers who do not participate in the wrongful conduct resulting in a covered dwelling in violation of the FHAA would not be subject to FHAA liability even under a broad reading of the "design and construct" provision. Defendant's narrow interpretation of the "design and construct" provision would defeat the purpose of the FHAA by allowing architects and builders who are involved in either the design or construction, but not both, to escape liability when they are directly involved with covered dwellings that violate the FHAA. Defendant's response to this concern is that own-ers and developers who are in "control" of the development would still be available to satisfy injured plaintiffs.

The Court finds that Congress intended the FHAA to impose liability on more than just the developer or owner in light of the broad language in the statute—"in connection with the design and construction..."— and the fact that there is no express limitation on possible defendants in the statute like there is in the Americans with Disabilities Act ("ADA"), a similar statute. 42 U.S.C. § 12182 (1995). In fact, Congress must have contemplated builders having potential liability, for it drafted the statute in consultation with the National Association of Home Builders. H.R.Rep. No. 100–711, 100th Cong., 2d Sess. 27, *reprinted in* 1988 U.S.Code Cong. & Admin. News 2187. Moreover, although neither the statute nor the legislative history provides much insight on the possible defendants, 42 U.S.C. § 3604(f)(4) and House Report No. 100–711 specifically refer to the American National Standard for buildings and facilities (ANSI A117.1) as requirements which, if met, would satisfy the FHAA requirements. *Id.* at 2188.

The Court finds defendant's reliance on *Paralyzed Veterans of America v. Ellerbe Becket Architects & Engineers, P.C.,* 945 F.Supp. 1 (D.D.C.1996) as support for its conjunctive interpretation of the "design and construct" phrase of the FHAA to be unpersuasive. The *Paralyzed Veterans* court held that the "design and construct" phrase in the ADA was meant to be conjunctive, and defendant cites this case as authority for a conjunctive reading of the same phrase in the FHAA. However, that case is distinguishable because it involves the ADA which expressly limits the potential defendants, rather than the FHAA which contains no such limiting provision. This difference is significant in determining the meaning of the "design and construct" phrase and its impact on possible defendants under the FHAA. Although the phrase appears in both statutes, the limiting provision in the ADA renders a comparison to the FHAA inappropriate on the issue of possible defendants.[1]

---

1. Moreover, at oral argument, plaintiffs' counsel brought to the Court's attention a recent case under the ADA, *Johanson v. Huizenga Holdings, Inc.,* 963 F.Supp. 1175, 1178 (S.D.Fl.1997)

Defendant also asserts that it is not a proper defendant under the FHAA because it has no ownership or control of the development and thus cannot satisfy the injunctive remedies requested by the plaintiffs. The Court acknowledges the common situation where the builder or architect has no right to work on the development outside of its contractual relationship with the owner/developer, nor any rights of access to the premises. However, there are other remedies provided for in the statute that are appropriate for builders and architects such as "actual and punitive damages" as well as furnishing funds to refit homes in the development or elsewhere; thus, defendant's argument is meritless. *Id.* § 3613(c)(1).

█ The Court is further satisfied that the "design and construct" language should be read broadly. When a group of entities enters into the design and construction of a covered dwelling, all participants in *the process as a whole* are bound to follow the FHAA. To hold otherwise would defeat the purpose of the FHAA to create available housing for handicapped individuals and allow wrongful participants in the design and construction process to remain unaccountable. In essence, any entity who contributes to a violation of the FHAA would be liable. By this, the Court does not suggest that all participants are jointly and severally liable for the wrongful actions of others regardless of their participation in the wrongdoing, but rather, that those who are wrongful participants are subject to liability for violating the FHAA.[2] In the case of the design and construction process of Lions Gate as a whole, the Court finds that the facts surrounding the individual participation of each entity involved are unclear. Furthermore, a determination regarding Rommel Builders' involvement in the design and construction process of Lions Gate is more appropriate for resolution by the trier of fact, and, accordingly, the

Court will deny defendant's motion for summary judgment.

### IV.

The Court has reviewed all briefing submitted by both parties relating to plaintiffs' Cross Motion for Summary Judgment and all supplemental briefing submitted on the issue of the meaning of "features of adaptive design." In light of the Court's ruling today to grant plaintiffs' Motion to Consolidate this case with the companion case, Civil Action No. B–97–120, the Court believes it is more appropriate to address the issues presented in this motion and the supplemental briefing after the cases are consolidated to give all interested parties the opportunity to be heard on these issues, including the substantive violations of the FHAA and the issues relating to "features of adaptive design." Accordingly, the Court will deny plaintiffs' motion for summary judgment without prejudice to its renewal upon consolidation.

### V.

For all the foregoing reasons, the Court will deny defendant's motion for summary judgment and deny plaintiffs' motion for summary judgment without prejudice to its renewal. The Court further notes that this ruling is without prejudice with respect to the rights of the defendants in Civil Action No. 97–120. A formal order will be entered in conformity with this Opinion.

### *ORDER*

In accordance with the opinion filed today in the above-captioned case, IT IS, this 6th day of May, 1998, by the United States District Court for the District of Maryland,

ORDERED:

(1) That the defendant's Motion for Summary Judgment (Paper 22) BE, and the same hereby IS, DENIED;

where the Court rejected the holding in *Paralyzed Veterans.*

2. For example, if an architect draws up plans with noncomplying entrance ways, and a builder follows the plan resulting in a covered dwelling with an inaccessible entranceway, both entities would be liable as both were wrongful participants. On the other hand, if the builder corrects

the entranceway, building it in compliance with FHAA regulations, then the builder is not liable because the builder was not a wrongful participant. Whether the architect is liable for drawing up such plans that are corrected by the builder is not before the Court here, and therefore the Court need not address this issue.

(2) That the plaintiffs' Motion for Summary Judgment (Paper 23) BE, and the same hereby IS, DENIED WITHOUT PREJUDICE; and

(3) That the Clerk shall mail a copy of this Order and the accompanying Opinion forthwith to counsel of record.