**PARALYZED VETERANS
OF AMERICA, et al.,
Plaintiffs,**

v.

**ELLERBE BECKET ARCHITECTS
& ENGINEERS, P.C., et al.,
Defendants.**

**Civ. No. 96–1354(TFH).**

United States District Court,
District of Columbia.

July 29, 1996.

William H. Jeffress, Jr., Niki Kuckes, David S. Cohen, Mathew S. Nosanchuk and Jody A. Mainer, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for Paralyzed Veterans of America, Fred Cowell, Geoffrey Hopkins, Andrew L. Krieger, Lee Page.

Lewis J. Baker, Watt, Tieder & Hoffar, L.L.P., McLean, VA, for Ellerbe Becket Architects & Engineers, P.C., Ellerbe Becket, Inc.

Michael Evan Jaffe, Robert Steven Holt, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for D.C. Arena Associates, Inc.

Brendan Vincent Sullivan, Jr., John Gordon Kester, Paul Mogin, Williams & Connolly, Washington, DC, for D.C. Arena L.P., Abe Pollin Sports, Inc., and Abe Pollin.

Paul Mogin, Williams & Connolly, Washington, DC, for Centre Group, Ltd. Partnership.

Thomas M. Contois, Disability Rights, U.S. Department of Justice, Civil Rights Division, Washington, DC, for amicus curiae United States.

Geoffrey T. Keating, McKenna & Cuneo, L.L.P., Washington, DC, for amicus curiae American Institute of Architects.

### OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

In accordance with the bench ruling issued at the hearing on July 19, 1996, the Court will grant the motion of defendants Ellerbe Becket Architects & Engineers, P.C. and Ellerbe Becket, Inc. to dismiss this action against them. After having considered the parties' briefing, the submissions of amicus curiae, and the arguments at the hearing, the Court is convinced that neither 42 U.S.C. § 12182(a) nor 42 U.S.C. § 12183(a) hold architects liable for the failure to design and construct facilities in accordance with the Americans with Disabilities Act ("ADA").

■ The plaintiffs brought this action seeking declaratory and injunctive relief in connection with the building of the MCI Center, a sports and multi-purpose arena now being erected in Washington, D.C. In Count I of the complaint, the plaintiffs allege that

the design and construction of the arena violate the ADA. Among the named defendants are Ellerbe Becket Architects & Engineers, P.C. and Ellerbe Becket, Inc. The former is the architectural and engineering firm that designed the arena, and the latter is its parent company. These two defendants argue that the ADA does not hold architects liable for the design and construction of facilities in violation of the statute's provisions.

Two provisions of the ADA are relevant to architects' potential liability. First, § 302(a) states that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of ... any place of public accommodation by any person who owns, leases ... or operates a place of public accommodation.

42 U.S.C. § 12182(a) (entitled "Prohibition of discrimination by public accommodations"). It is conceded in this case that the Ellerbe defendants do not own, lease, or operate the MCI Center. This is typical of construction work: architects generally provide their design services by contract to other parties involved in the project. Therefore, standing alone, § 302(a) does not provide grounds for a suit against the Ellerbe defendants.

The next provision of the ADA, § 303, is entitled "New construction and alteration in public accommodations and commercial facilities," and states that

> as applied to public accommodations and commercial facilities, discrimination for purposes of section 302(a) includes ... a failure to design and construct facilities ... that are readily accessible to and usable by individuals with disabilities.

42 U.S.C. § 12183(a).

The plaintiffs argue that since § 303 mentions the design function, the provision encompasses architects. However, the plain language of the statute reveals at least two reasons why this argument is untenable. First, the phrase "design and construct" is distinctly conjunctive. It refers only to parties responsible for both functions, such as general contractors or facilities owners who hire the necessary design and construction experts for each project. Since architects in general, and the Ellerbe defendants in particular, are not responsible for both the design and the construction of the MCI Center, § 303 does not refer to them. Second, § 303 defines "discrimination for purposes of § 302(a)." Therefore, the limitation in § 302 to owners, operators, and lessors also applies to § 303 and thereby excludes architects from liability under the section.

■ The United States Department of Justice filed an amicus brief arguing that its interpretation of § 303, which includes architects as liable parties, should be awarded the deference described in *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, the issue of such deference only arises when the statute is ambiguous. "If the intent of Congress is clear, that is the end of the matter." 467 U.S. at 842, 104 S.Ct. at 2781. Because the plain language of the statute makes clear that architects are not covered by §§ 302 and 303 of the ADA, there is no need for the Court to apply the second part of the *Chevron* analysis and consider the interpretation pressed by the Department of Justice.

The Court's interpretation does not frustrate the intent of the statutory scheme. If entities who are responsible for both design and construction can be held liable for violations of the ADA, those entities will ensure that the firms or individuals with whom they contract—experts in design or construction—will hew to the dictates of the statute and regulations. If a violation is nonetheless alleged, interested parties with standing may seek effective relief by naming as defendants the high-level entities responsible for both design and construction, as the remaining defendants in this case are aware.

Therefore, for the reasons stated in the Court's July 19 bench ruling and summarized above, it is **ORDERED** that the motion of defendants Ellerbe Becket Architects & Engineers, P.C. and Ellerbe Becket, Inc. to dismiss Count I of the complaint is **GRANTED.** For the reasons stated in the bench ruling, it is **FURTHER ORDERED** that the motion of defendants Ellerbe Becket Architects & Engineers, P.C. and Ellerbe Becket,

Inc. to dismiss Counts II and III of the complaint is also **GRANTED.** It is **FURTHER ORDERED** that the dismissal of Count III is without prejudice.