Timothy JOHANSON, Walter Johanson and Veronica Juliano, individually and on behalf of all others similarly situated, Plaintiffs,

v.

HUIZENGA HOLDINGS, INC., a Florida corporation, Ellerbe Becket Architects and Engineers, Inc., a Florida corporation, the Florida Panthers, Broward County, Florida, and the City of Sunrise, Florida, Defendants.

No. 96–7026–CIV.

United States District Court,
S.D. Florida.

Jan. 27, 1997.

Michael F. Lanham, Miami, FL, for plaintiffs.

Carol C. Lumpkin, Akerman, Senterfitt & Eidson, P.A., Miami, FL, for Florida Panthers and Huizenga Holdings, Inc.

John Copelan, John Stapleton, Office of Broward County Attorney, Ft. Lauderdale, FL, for Broward County.

Michael Burke, Johnson, Anselmo, Murdoch, Burke & George, P.A., Ft. Lauderdale, FL, for City of Sunrise.

Lewis J. Baker, Thomas J. Powell, Watt, Tieder & Hoffar, McClean, VA, Bruce G. Hermelee, James M. Walker, Hermelee, Stieglitz & Walker, Miami, FL, for Ellerbe Becket Architects and Engineers, Inc.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon Defendants Huizenga Holdings, Inc. (HHI) and the Florida Panthers Hockey Club, Ltd. (Panthers)'s Motion to Dismiss Amended Complaint, filed October 15, 1996; Defendant Broward County's Motion to Dismiss, filed October 15, 1996; Defendant City of Sunrise (City)'s Motion to Dismiss Amended Complaint, filed November 4, 1996; and Defendant Ellerbe Becket Architects and Engineers, Inc. (Ellerbe Becket)'s Motion to Dismiss Amended Complaint, filed January 6, 1997. The record reflects that the United States has filed an *Amicus Curiae* memorandum of law, and that all motions have been fully briefed and are ripe for review.

Plaintiffs, a disabled minor, his father, and another disabled minor, have filed an eight-count complaint against Defendants alleging that the planned Broward Arena, the future home of the Florida Panthers, will violate the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. All three plaintiffs are Panthers fans and occasional purchasers of Panthers tickets. They seek declaratory and injunctive relief to address and rectify the discrimination which they believe they will face upon construction of the new Arena.

## I. HHI and the Panthers' Motion to Dismiss

■ HHI claims that it is an improper defendant because the Amended Complaint does not allege any involvement by HHI or H. Wayne Huizenga with the planning of the proposed Broward Arena. HHI further claims that neither it nor Huizenga has any contractual responsibility for the planning, development, or ownership of the Arena.

According to Plaintiffs, the Development Agreement between Broward County and the Arena Development Company was signed by Huizenga, as chairman of the Arena Development Company. In addition, Huizenga is the General Partner of the Arena Operating Company, and he owns and operates both companies. Because neither company has officers or directors on file with the state of Florida, Plaintiffs assert that HHI, as their parent company, is a proper defendant.*

Taking these claims as true, this Court is persuaded by Plaintiffs' allegations that HHI is the parent company of Development Companies contractually responsible, and that those Companies have no officers or directors on file with the state of Florida. Therefore, this Court finds that HHI is a proper defendant.

■ HHI and the Panthers next argue that the two minor plaintiffs lack capacity to sue in their own names, and that the third plaintiff, as the non-disabled father of one of the minor plaintiffs, has claimed no injury to his own interests.

This Court finds that the Plaintiff father of the disabled minor does have standing to sue under the ADA by virtue of his relationship with his son, an individual with a known disability. 42 U.S.C. § 12182(b)(1)(E). As to the minor Plaintiffs, while Defendants' Motion to Dismiss shall be denied on this basis, Plaintiffs shall be ordered to amend their Complaint within fifteen days of the date of this Order, naming a "next friend" or guardian to sue on behalf of the minors.

■ Finally, HHI and the Panthers argue that Plaintiffs do not have standing because

---

* Plaintiffs did state in their response that if HHI could produce sufficient documentation as to owners and principals of a responsible party, Plaintiffs would amend their complaint appropriately. HHI has not come forth with any such documentation.

their claims are not ripe. While it is ordinarily true that a Plaintiff must have suffered an actual or imminently threatened injury in order for the Court to have jurisdiction under Article III of the Constitution, Title III of the ADA gives standing both to parties already injured and to those who have "reasonable grounds for believing that [they are] about to be subjected to discrimination in violation of [the new construction provision of Title III of the ADA]." 42 U.S.C. § 12188(a)(1).

Plaintiffs assert that they do have reasonable grounds to believe that they will be discriminated against in violation of the ADA because Ellerbe Becket, the project architect, has designed several arenas in the past which Plaintiffs claim violate the ADA. Plaintiffs further allege that released preliminary plans indicate the existence of ADA violations in the Broward Arena. This Court finds that Plaintiffs' allegations create "reasonable grounds" sufficient to withstand HHI and the Panthers' Motion to Dismiss.

## II. Broward County's Motion to Dismiss and City of Sunrise's Motion to Dismiss

■ The bulk of both Broward County and the City of Sunrise's Motions to Dismiss rests on the interrelationship and distinctions between Titles II and III of the ADA.

Title III of the ADA, which provides the right to sue based upon reasonable grounds for believing that discrimination will occur, applies to "public accommodations and services operated by private entities." 42 U.S.C. § 12181 *et seq.* Section 12181 defines "private entity" as "any entity other than a public entity (as defined in section 12131(1) ... )". Section 12131(1), in turn, includes "any state or local government" in its definition of "public entity." Therefore, both Broward County and the City of Sunrise, as local governmental units, fall within Title II of the ADA.

However, the right to sue in anticipation of a violation is provided only in Title III. Broward County and the City of Sunrise therefore argue that the ADA does not confer standing upon Plaintiffs because Defendants are not subject to Title III, and no actual violation of the ADA has taken place yet.

Plaintiffs claim that this Court does have subject matter jurisdiction despite the fact that Broward County and the City of Sunrise are Title II entities, because both have created contractual relationships with parties who are subject to Title III (namely, HHI and the Panthers). Therefore, according to Plaintiffs, the responsibilities of Broward County, the City, and the Title III entities are all intertwined. In support of this analysis, Plaintiffs refer to the Technical Assistance Manual of the Department of Justice, which is the agency charged with enforcement of the ADA. The Manual states that "there are many situations in which public entities stand in very close relation to private entities that are covered by Title III, with the result that certain activities may be affected, at least indirectly, by both titles." U.S. Department of Justice, *The Americans with Disabilities Act, Title III Technical Assistance Manual,* at 6.

Relying on the interrelationship of the Title II and the Title III entities, Plaintiffs argue that "it would be contrary to the spirit and intent of the ADA to allow Defendant, Broward County, to disengage itself from the discriminatory conduct of its Title III partners just because it is a Title II entity." Plaintiffs' Response to Broward County's Motion to Dismiss, at 10. This Court finds that Plaintiffs' argument is strong enough to withstand Broward County and the City of Sunrise's Motions to Dismiss.

## III. Ellerbe Becket's Motion to Dismiss

■ Disposal of Ellerbe Becket's Motion to Dismiss turns upon the issue of whether architects are liable under the ADA. The only provisions of the ADA which have any potential relevance to the issue of architects' liability are Sections 302 and 303. (42 U.S.C. §§ 12182 and 12183).

Section 302 prohibits discrimination by parties who "own, lease, or operate a public accommodation," and therefore on its face does not apply to architects. However, § 303 defines discrimination, for purposes of § 302, to include "a failure to design and construct facilities that are readily accessible

... ." Ellerbe Becket argues that this Court should follow the determination made by the Court in *Paralyzed Veterans of America v. Ellerbe Becket Architects and Engineers,* 945 F.Supp. 1 (D.D.C.1996). (holding that "design and construct," as used in § 303, must be read conjunctively, so that an entity is liable only if it both designed and constructed the building.)

Ellerbe Becket further argues that because § 303 incorporates § 302 by reference, § 302's limitation to those who "own, lease, or operate" applies to the "design and construct" language of § 303, regardless of whether that phrase is read disjunctively or conjunctively. Therefore, according to Ellerbe Becket, architects are not liable under the ADA unless, in addition to designing and/or constructing the building, they also own, lease, or operate it.

Plaintiffs and the United States in its *Amicus Curiae* brief assert that limiting § 303 to the parties covered by § 302 would effectively eliminate § 302's coverage of commercial facilities, despite the language in § 302 which explicitly names "commercial facilities" in connection with the new construction mandate. If architects are not liable under the ADA, then it is conceivable that no entity would be liable for construction of a new commercial facility which violates the ADA. This Court finds that Plaintiffs' argument is sufficient to withstand Ellerbe Becket's Motion to Dismiss.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that Defendants HHI and the Panthers' Motion to Dismiss Amended Complaint, filed October 15, 1996, is **DENIED.** However, Plaintiffs shall have fifteen (15) days from the date of this Order to amend their Complaint, naming a "next friend" or guardian to sue on behalf of the minor Plaintiffs. It is further hereby:

**ORDERED AND ADJUDGED** that Defendant Broward County's Motion to Dismiss, filed October 15, 1996, is **DENIED.** It is further hereby:

**ORDERED AND ADJUDGED** that Defendant City of Sunrise's Motion to Dismiss

Amended Complaint, filed November 4, 1996, is **DENIED.** It is further hereby:

**ORDERED AND ADJUDGED** that Defendant Ellerbe Becket's Motion to Dismiss Amended Complaint, filed January 6, 1997, is **DENIED.** It is further hereby:

**ORDERED AND ADJUDGED** that the Parties shall meet within twenty (20) days of the date of this Order to create the Scheduling Report required by Local Rule 16.1(B). That Scheduling Report shall be filed within thirty (30) days of the date of this Order. Upon the filing of such report, the Court shall set the Scheduling Conference.