**Ronnie GEORGE, Plaintiff,**

v.

**AZ EAGLE TT CORPORATION, Defendant.**

**No. CV–12–01175–PHX–ROS.**

United States District Court, D. Arizona.

March 12, 2013.

David J. Don, Law Offices of David J. Don PLLC, Phoenix, AZ, for Plaintiff.

David A. Selden, Julie A. Pace, The Cavanagh Law Firm PA, Phoenix, AZ, for Defendant.

## ORDER

ROSLYN O. SILVER, Chief Judge.

Pending before the Court is Defendant's motion to dismiss. (Doc. 10). For the reasons below, the motion will be denied.

## BACKGROUND

Defendant owns, operates, leases or leases to others a shopping center, which is a place of public accommodation. Plaintiff's son, Michael George, is disabled as a result of muscular dystrophy, and requires a wheelchair for mobility. (Doc. 1). Plaintiff and his son are long-time customers at Defendant's shopping center, and plan to return to the property to enjoy the goods and services offered. Plaintiff is deterred from visiting and patronizing Defendant's shopping center because of discriminatory conditions, including mobility-related architectural barriers such as improper ramp slopes. Defendant has failed to make reasonable accommodations, such as removing architectural barriers that are readily removable. As a result, Defendant has denied Plaintiff an equal opportunity to enjoy Defendant's shopping center.

Plaintiff alleges Defendant has violated the Americans with Disabilities Act ("ADA") and Arizonans with Disabilities Act ("AzDA") by failing to remove archi-

tectural barriers at the shopping center. Defendant argues Plaintiff has not established associational standing, and moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## ANALYSIS

### A. Legal Standard

 challenges Plaintiff's standing under Fed.R.Civ.P. 12(b)(1). The Court assumes Plaintiff's factual allegations are true, but need not "accept the truth of legal conclusions merely because they are cast in the form of factual allegations." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir.2009). Although Defendant is the moving party, Plaintiff has the burden of establishing standing. *Hernandez v. Vallco Int'l Shopping Ctr., LLC*, 2011 WL 890720, *3 (N.D.Cal. March 14, 2011) ("when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.").

Defendant also moves to dismiss the Complaint for "failure to state a claim upon which relief can be granted" under Fed.R.Civ.P. 12(b)(6). When analyzing a complaint under Rule 12(b)(6), the factual allegations "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937.

[2] submitted an affidavit with his response to Defendant's motion to dismiss. (Doc. 11, Ex. 1). The affidavit largely repeats information alleged in the Complaint. "Rule 12(b)(1) challenges may be either 'facial' or may be brought as a 'speaking motion.' In evaluating a facial attack, the court looks only to the pleadings." *Hernandez v. Vallco Intern. Shopping Ctr., LLC*, No. 10–CV–02848–LHK, 2011 WL 890720 (N.D.Cal. Mar. 14, 2011) (citing *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir.2009)). Defendant brings a facial challenge to Plaintiff's standing to pursue his claims. The motion to dismiss does not present evidence outside of the pleadings. Therefore, the Court will not consider the affidavit under Rule 12(b)(1).

██ █ Court may not consider matters outside of the pleadings when deciding a motion to dismiss under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001). There are exceptions for judicial notice of matters of public record or materials properly submitted as part of the complaint, such as a contract. *Id.* Neither exception applies here. The Court will not consider the affidavit in deciding the motion to dismiss under 12(b)(6).

### B. Motion to Dismiss

#### 1. Associational Standing

Defendant argues Plaintiff does not have standing because he is not disabled and the alleged injury is to Plaintiff's son, not to Plaintiff. The Supreme Court established a three-part test for standing: "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) 'actual or imminent,' not 'conjectural' or 'hypotheti-

cal.' " *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotations omitted). "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly trace[able] to the challenged action of the defendant,' and not ... th[e] result [of] the independent action of some third party not before the court." *Id.* (quotation omitted). "Third, it must be 'likely,' as opposed to merely 'speculative' that the injury will be 'redressed by a favorable decision.' " *Id.* (quotation omitted).

The ADA protects not only individuals with disabilities, but also individuals associated with people with disabilities:

> It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

42 U.S.C. § 12182(b)(1)(E).[1]

Accordingly, "[a] public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 28 C.F.R. § 36.205.

"For example, it would be a violation of [28 C.F.R. § 36.205] for a day care center to refuse admission to a child whose broth-er has HIV ...." 56 Fed.Reg. 7452–01, 7462. Similarly, "if a place of public accommodation refuses admission to a person with cerebral palsy, ... his or her companions have an independent right of action under the ADA and this section." *Id.* ADA regulations require stadiums, theaters and similar venues to have not only wheelchair seating, but also adjacent companion seating. *See* Department of Justice's ADA Standards for Accessible Design (2010) § 221.3. Similarly, hotels are required to provide not only accessible rooms, but accessible doorways in all rooms and hallways. *Id.* § 224.1.2.

Under Title III of the ADA, discrimination includes "a failure to remove architectural barriers ... where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). "The term 'readily achievable' means easily accomplishable or able to be carried out without much difficulty or expense." *Id.* § 12181(9).

"[T]o state a valid claim for association discrimination ... a plaintiff must allege some 'specific, direct, and separate injury' as a result of association with a disabled individual." *Glass v. Hillsboro Sch. Dist. 1J*, 142 F.Supp.2d 1286, 1288 (D.Or.2001) (citations omitted). In *Glass*, the court found parents of a child with autism could not bring an associational discrimination claim against a school district for denying their independent specialists access to classrooms because the parents had no personal right, independent from their children's placement in school,

---

1. Likewise, under the AzDA: "It is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations or other opportunities to an individual with whom the individual or entity is known to have a relationship or association." A.R.S. § 41–1492.02(F). "[D]iscriminatory" includes "[a] failure to remove architectural barriers ... that are struc-tural in nature in existing facilities ...." *Id.* § 41–1492.02(F)(4). The Court's decision regarding the ADA claim is applicable to the AzDA claim. *See* A.R.S. § 41–1492.06(B) ("Compliance with titles II and III of the Americans with disabilities act and its implementing regulations shall be deemed in compliance with this article.").

to have their experts observe the classrooms. The court stated, "plaintiffs must also demonstrate that they themselves were harmed; that is, that they suffered a specific, separate, and direct injury to themselves caused by defendant's actions." *Id.* at 1289. The court provided a useful hypothetical to demonstrate when associational standing is proper: "[i]f a non-disabled companion is excluded from the theater because of his or her association with a disabled individual (for example, no room in the theater for wheelchairs), then the non-disabled companion suffers direct harm to his or her own independent right to be in the theater because of the association with a disabled person." *Glass,* 142 F.Supp.2d at 1291–92.

██ Plaintiff alleges he was deterred from enjoying Defendant's shopping center due to architectural barriers, including improper slopes on access aisles and ramps. Plaintiff alleges *he* "has suffered discrimination in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodations at Property on the basis of disability." (Doc. 1, ¶ 25). That is, Plaintiff wishes to access Defendant's shopping center with his disabled son, but is deterred by non-ADA compliant architectural barriers. Plaintiff's complaint is like that of the movie-goer in *Glass,* not the parents of the student in *Glass,* because Plaintiff himself wishes to enjoy the shopping center, not just allow his son to enjoy the shopping center.

Likewise, in *Spector v. Norwegian Cruise Line Ltd.,* No. CIV.A. H–00–2649, 2002 WL 34100212 (S.D.Tex. Sept. 9, 2002), *aff'd in part, rev'd in part,* 356 F.3d 641 (5th Cir.2004), *rev'd on other grounds,* 545 U.S. 119, 125 S.Ct. 2169, 162 L.Ed.2d 97 (2005), a cruise ship passenger had standing to sue for associational discrimination where she could not upgrade to a nicer cabin with her companion because of

accessibility problems. 2002 WL 34100212, at *15. "The companion plaintiffs took the cruises not only to accompany their disabled friends, but also to enjoy the cruise itself." *Id.* As such, the *Spector* court found the non-disabled plaintiff had associational standing under the ADA. Plaintiff is like the cruise ship passenger in *Spector* because Plaintiff wishes to enjoy the shopping center itself, not just gain access for his son.

Similarly, in *Wright v. Macerich Westcor Management, LLC,* No. CV 09–710–PHXSRB (D.Ariz. August 3, 2009), the plaintiff alleged she was deterred from visiting the a shopping mall due to discriminatory conditions, i.e. improper wheelchair access. The defendant filed a motion to dismiss arguing plaintiff lacked standing and failed to state a claim. The court denied the motion to dismiss and held the plaintiff's injury was distinct from that of her disabled companion. Like the plaintiff in *Wright,* here, Plaintiff alleges: he and his son are long-time customer's at Defendant's shopping center; Plaintiff plans to return to the property to enjoy the goods and services offered; Plaintiff is deterred from visiting or patronizing the property because of the discriminatory conditions; Defendant is denying Plaintiff an equal opportunity to enjoy Defendant's property; and Defendant has failed to make reasonable accommodations to help people with disabilities, such as removing architectural barriers that are readily removable. Plaintiff has alleged a separate and distinct injury. Plaintiff has established standing and stated a claim for relief for associational discrimination under 42 U.S.C. § 12182(b)(1)(E). *Compare Wright,* No. CV 09–710–PHXSRB (denying defendant's motion to dismiss associational standing claim against shopping complex); and *Johanson v. Huizenga Holdings, Inc.,* 963 F.Supp. 1175, 1176

(S.D.Fla.1997) (denying motion to dismiss where father of child with disabilities brought associational discrimination claim based on inaccessibility of sports arena); with *D.K. by and through his conservator, G.M. v. Solano Cnty. Office of Educ.,* 667 F.Supp.2d 1184, 1194 (E.D.Cal.2009) at 1194 (no associational discrimination claim for parents of disabled students where parents could not allege "that they were denied access to or participation in any programs or activities").

Plaintiff has alleged an injury separate and distinct from that of his son. Plaintiff has established injury in fact. Plaintiff has alleged Defendant's failure to remove the architectural barriers caused this injury, and the injury can be redressed by order of this Court. As such, Plaintiff has satisfied all three standing requirements set forth in *Lujan,* 504 U.S. at 560–561, 112 S.Ct. 2130.

### 2. *Iqbal*

To state a claim for associational discrimination, Plaintiff must allege he was denied "equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities ... because of the known disability of an individual with whom [Plaintiff] is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

█ Defendant argues the Complaint is a mere "formulaic recitation of the elements of a cause of action," which is insufficient under Rule 8. *Iqbal,* 556 U.S. at 674, 129 S.Ct. 1937. However, as discussed above, Plaintiff has stated a cognizable claim separate and distinct from the injury experienced by his disabled son. Plaintiff alleges he and his son have visited the shopping center on numerous occasions and plan to return to enjoy the goods and services offered to non-disabled members of the public, but are deterred from re-

turning because of discriminatory conditions on the property. Plaintiff sets forth the specific architectural barriers, such as ramps with running slopes in excess of the ADA Accessibility Guidelines ("ADAAG"). These allegations provide more than a "formulaic recitation" of the statute. They set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

Defendant also argues the "known disability" language of 42 U.S.C. § 12182(b)(1)(E) requires Plaintiff to allege Defendant "was aware [Plaintiff] is the father of a disabled son and therefore selected to discriminate against [Plaintiff] or to exclude him from [Defendant's] facilities on that basis." (Doc. 10, at 12). Defendant provides no authority for its narrow interpretation of the statute, and the Court has found none in the ninth Circuit or otherwise. Defendant's interpretation of the statute is contrary to *Wright, Johanson* and other cases that have found standing to assert an associational discrimination claim against places of public accommodation, such as shopping malls or sports venues.

Under Rules 12(b)(1) and 12(b)(6), Defendant argues Plaintiff "has not alleged a single fact that would establish his entitlement to bring a private right of action on his own behalf." (Doc. 10, at 11). Defendant's motion to dismiss will be denied because Plaintiff has properly alleged an associational discrimination claim.

Accordingly,

**IT IS ORDERED** Defendant's motion to dismiss **(Doc. 10)** is **DENIED.**