Filed 4/28/16  Angeles v. Coast Engineering Contractors CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDWIN ANGELES et al., | |
| Plaintiffs and Appellants, | G051219 |
| v. | (Super. Ct. No. 30-2013-00651259) |
| COAST ENGINEERING CONTRACTORS, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David T. McEachen, Judge.  Affirmed.

John L. Dodd & Associates, John L. Dodd, Benjamin Ekenes; Law Offices of Timothy J. Donahue and Timothy J. Donahue for Plaintiffs and Appellants.

Yoka & Smith, Christopher E. Faenza and Andy Mendoza for Defendant and Respondent.

\*        \*        \*

Plaintiffs Edwin and Josephine Angeles, husband and wife, appeal from a judgment dismissing their action against defendant Coast Engineering Contractors, Inc. (Coast). The judgment was entered after the trial court sustained Coast's demurrer to causes of action for nuisance and premises liability without leave to amend, and granted its motion for summary judgment on causes of action alleging violations of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.; ADA) and the Unruh Civil Rights Act (Civ. Code, § 51; Unruh Act).

This appeal involves the second of three lawsuits arising from Edwin Angeles's August 2012 trip and fall at a service station located at 8221 Garden Grove Boulevard in the City of Garden Grove. Both the first action (*Angeles et al. v. Berri Brothers Corporation et al.* (Super. Ct. Orange, 2012, No. 30-2012-00595751); (case No. 751)) and the third action (*Angeles et al. v. Coast Engineering Contractors, Inc. et al.* (Super. Ct. Orange, 2013, No. 30-2013-00695045); (case No. 045)), involved only the injuries Angeles suffered as a direct consequence of his fall and his wife's claim for loss of consortium. Plaintiffs dismissed case No. 751 with prejudice after negotiating a settlement with the named defendants. An appeal from a judgment dismissing the action as to Coast in case No. 045 is currently pending before this court and is the subject of our contemporaneous opinion in *Angeles et al. v. Coast Engineering Contractors, Inc.* (April 28, 2016, No. G051191 [nonpub. opn.]).

In the current appeal, plaintiffs contend the trial court erred by striking their premises liability cause of action and in granting Coast summary judgment on the ADA and Unruh Act claims. We affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

In this action, plaintiffs initially sued several parties other than Coast for violation of the ADA, violation of the Unruh Act, nuisance, and premises liability.

2

According to the first amended complaint, "defendants . . . owned and operated a gas station/business" at 8221 Garden Grove Boulevard that included an air compressor, water station, and a pay telephone, all of which were supposed to be available for use by the public.  The complaint faulted defendants for an "improperly . . . built, designed, maintained, . . . constructed, striped, delineated, organized, inspected and monitored" premises.  On August 12, 2012, Edwin Angeles "fell and was injured" on the premises.  These allegations were the basis for plaintiffs' nuisance and premises liability causes of action.

After the August 2012 accident, Edwin Angeles was confined to a wheelchair.  On a later date, he allegedly attempted to use facilities at the service station, only to be "prevented . . . from free and unobstructed access and use of the air compressor, water station and public pay phone" due to the improperly designed premises.  These allegations formed the basis of plaintiffs' ADA and Unruh Act causes of action.

Plaintiffs added Coast as a defendant in place of a doe allegation.  Coast demurred to the first amended complaint.  It also filed a request for judicial notice, attaching copies of the original and first amended complaints in this action and a copy of the complaint filed in case No. 751, which was then still pending.

The trial court granted the request for judicial notice, sustained the demurrer to the ADA and the Unruh Act causes of action with leave to amend, and sustained it as to the nuisance and the premises liability causes of action without leave to amend.  In striking the premises liability count, the court stated the amended complaint "attribute[d Edwin Angeles's] 8/22/12 physical injury to other defendants in their capacity as owners, operators, designers and the parties who constructed the facility and lot," "ha[d] not set forth any basis for [Coast's] liability, specifically why it would owe [Edwin Angeles] a duty," "nor . . . offered . . . that [they have] any such facts."  Further, the court noted the present action sought to reassert the same personal injury claim as in

3

case No. 751, which they alleged was caused by "a dangerous condition on land owned, maintained and operated by other defendants."

Plaintiffs filed a second amended complaint that alleged: "Mohamed Berri [and] David Berri owned and operated at least two . . . businesses at the subject property"; one was "a gas station/store" and the other was "Coast," a construction business; both entities "occupied, possessed, used, leased, controlled, managed, maintained, altered and built upon the property." The pleading stated the same four causes of action, save for the date of the alleged ADA and Unruh Act violations, and Coast's exclusion from the nuisance and premises liability counts. Coast again demurred, but the trial court overruled it.

Coast answered the second amended complaint and moved for summary judgment. The motion asserted Coast was not liable for violating either the ADA or the Unruh Act because it "is not an owner, possessor or controller of the subject property."

The evidence established the following facts. The property in question, 8221 Garden Grove Boulevard, is owned by Nanak Petro, Inc. In 1992, David Berri (hereafter Berri) and Hussein Berri leased the premises to operate a gas station. Five years later they incorporated the business under the name Imperial Stations, Inc. Berri is Imperial's president.

In addition to the gas station, Berri owns several sandwich shop franchises in Southern California and holds a contractor's license. In 2004, he formed Coast. Berri claimed to be Coast's president and sole employee. He denied advertising Coast's construction services to the public and claimed he only uses Coast to perform work on his or his immediate family's business ventures.

Berri's business mailing address for the retail ventures was originally at another Garden Grove Boulevard address, and is currently on Skypark Circle in Irvine. Berri uses 8221 Garden Grove Boulevard as Coast's mailing address, but Coast has never

4

paid rent to Nanak Petro, Inc., and Jasdeep Jhawar, one of Nanak Petro's principals, testified at his deposition that he had never heard of Coast.

Before the August 2012 accident, Coast installed a tank for a vapor recovery system at the gas station, enclosing it with wheel stops and bollards. Berri claimed he performed the work with one or two other persons that he temporarily hired to assist him. Coast also performed some work on the parking area near the tank.

Plaintiffs' opposition argued that more than one business "can exist, possess or operate" at the same address. Further, plaintiffs cited "official government records," i.e., Coast's filings with the Secretary of State and its application for a city business license, each of which stated Coast's place of business was the 8221 Garden Grove Boulevard.

The trial court granted the motion and entered a judgment dismissing plaintiffs' action as to Coast. It overruled all of plaintiffs' evidentiary objections and found "Coast . . . carried its initial burden that it is not the owner, possessor, operator or controller of the . . . property," nor "a 'business establishment' within the meaning of . . . the Unruh Act," and that "plaintiffs failed to present admissible evidence creating a triable issue of material fact" on these elements.

DISCUSSION

1. *Introduction*

On appeal, plaintiffs do not challenge the trial court's striking of their nuisance cause of action or reassert their evidentiary objections to the evidence Coast submitted in support of its summary judgment motion. Thus, the issues are limited to the propriety of the trial court's orders sustaining Coast's demurrer to the premises liability cause of action and granting it summary judgment on the ADA and the Unruh Act claims.

We need only review the summary judgment ruling. Coast's motion was primarily based on the absence of evidence that it owned, possessed, or controlled the property at issue in this case. "[A] motion for summary judgment by a defendant has been held to necessarily include a test of the sufficiency of the complaint and is treated, in effect, as a motion for judgment on the pleadings." (*Denton v. City of Fullerton* (1991) 233 Cal.App.3d 1636, 1640.) And since "'[a] defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess, or control,'" "'[w]here the absence of ownership, possession, or control has been unequivocally established, summary judgment is proper.'" (*Preston v. Goldman* (1986) 42 Cal.3d 108, 119, quoting *Isaacs v. Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 134.) As discussed at greater length below, plaintiffs fail to establish the trial court erred in granting Coast's summary judgment motion. Thus, even if the trial court erred in striking the premises liability cause of action on demurrer, plaintiffs' failure to establish Coast's liability under the ADA necessarily precludes their right to sue it for premises liability.

*2. The Standard of Review*

"The trial court may grant a motion for summary judgment 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citation.] To prevail on the motion, a defendant must demonstrate plaintiff's cause of action has no merit. This requirement can be satisfied by showing either one or more of its elements cannot be established or that a complete defense exists to it. [Citations.] Once the defendant meets this requirement, the burden shifts to the plaintiff to demonstrate a triable issue of material fact exists. [Citations.] [¶] An appellate court reviews the trial court's decision de novo, independently examining both the evidence and its legal effect." (*Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 555.)

In this case, the resolution of both the first and second causes of action primarily turns on whether Coast is subject to the duties imposed by the ADA and the Unruh Act. Since the construction of a statute presents only a question of law, it is an issue appropriately resolved by summary judgment. (*Harris v. Mothers Against Drunk Driving* (1995) 40 Cal.App.4th 16, 20.) In reviewing the trial court's ruling, "[w]e consider the validity of the judgment, not the reasons for which it was granted." (*Ibid.*)

*3. The ADA*

Section 12182(a) of Title 42 of the United States Code (section 12182(a)) states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." The ADA defines "Public accommodation" as "private entities" where "the operations . . . affect commerce" (42 U.S.C. § 12181(7), and specifically lists a "gas station" as one such entity. (42 U.S.C. § 12181(7)(F).)

The unrebutted evidence shows Nanak Petro owned the property located at 8221 Garden Grove Boulevard and that it leased the premises to the Berris to operate a gas station. Subsequently, the Berris incorporated the business under the name Imperial Stations, Inc. Coast presented evidence that it did not pay rent to Nanak Petro and, in fact, one of Nanak Petro's principals testified he never heard of Coast until he was deposed in this action.

But plaintiffs assert "a triable issue exists whether Coast . . . was the operator of the property." They note "Coast['s] . . . business address is the same as the gas station's," and Berri acknowledged "he formed Coast . . . for the very purpose of pulling permits to perform work at th[at] property" as well as the other spaces occupied by his other business ventures. We find these arguments unavailing.

7

When construing a federal statute, cases recognize the "interpretation begins with the plain meaning of the statute's language," and "[w]here the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." (*Botosan v. Paul McNally Realty* (9th Cir. 2000) 216 F.3d 827, 831.)  On whether a person or entity "'operates a place of public accommodation'" under section 12182(a), the cases "'construe it in accord with its ordinary and natural meaning" as "'to put or keep in operation,' [citation], '[t]o control or direct the functioning of,' [citation], '[t]o conduct the affairs of; manage.'" (*Neff v. American Dairy Queen Corp.* (5th Cir. 1995) 58 F.3d 1063, 1066; *Lentini v. California Center for the Arts* (9th Cir. 2004) 370 F.3d 837, 849; *Emerson v. Thiel College* (3d Cir. 2002) 296 F.3d 184, 189.)  Thus, "the relevant inquiry . . . is whether [the person or entity] specifically controls the modification of the [public accommodation] to improve [its] accessibility to the disabled." (*Neff v. American Dairy Queen Corp., supra,* 58 F.3d at p. 1066.)

Applying these principles, it is clear Coast does not "operate" the property located at 8221 Garden Grove Boulevard.  That property is used as a gas station, which is operated by Imperial Stations, Inc.  Berri is president of both Imperial and Coast, but these entities are separate corporations and plaintiffs do not allege or suggest there is any basis for asserting liability under the alter ego doctrine in this case.  Further, the tank Berri installed on the property was for the benefit of the gas station.  He testified at his deposition that the work was a "state mandated upgrade[] that had to be done."

The mere fact that Coast uses the property's address for the purpose of receiving mail does not alter our conclusion.  Plaintiffs rely on the decision in *Disabled Rights Action Comm. v. Las Vegas Events* (9th Cir. 2004) 375 F.3d 861 to support their argument. That case is distinguishable.  The question there was whether private entities that leased a publicly owned arena to stage rodeos could be deemed to operate the arena during the rodeo and thus have responsibility for complying with the ADA.  The Ninth

8

Circuit held, "a private entity that stages an event for a limited time period at a facility owned by a third party is covered by [the ADA]." (*Id.* at pp. 873-874.) Coast only uses the gas station's address to receive mail. The work it performed on the premises was to satisfy regulations applicable to the use of the property as a gas station. Thus, we conclude plaintiffs failed to show a triable issue exists concerning whether Coast "operates" the property that is the focus of this action.

Alternatively, plaintiffs argue Coast can be held liable under the ADA based on section 12183(a)(1) of Title 42 of the United States Code (section 12183(a)(1)). In part, that statute declares, "as applied to public accommodations and commercial facilities, discrimination for purposes of section . . . 12182(a)[] includes [¶] (1) a failure to *design and construct facilities* for first occupancy later than 30 months after the date of enactment of this Act [enacted July 26, 1990] that are readily accessible to and usable by individuals with disabilities . . . ." (Italics added.) Plaintiffs argue this statute's reference to liability for designing and constructing a facility supports a conclusion that Coast can be held liable under the ADA for its work of improvement on the premises.

There are two flaws with plaintiffs' argument. First, section 12183(a)(1) applies to "facilities for first occupancy later than 30 months after" July 26, 1990, the date the ADA went into effect. In other words, by its very terms, section 12183(a) only applies to newly constructed facilities occupied after January 26, 1993. The Berris took occupancy of the premises at 8221 Garden Grove Boulevard and began operating the gas station in 1992, well before the ADA's effective date. In addition, Coast's work on the property involved an alteration of the premises, not the design and construction of a new gas station. That work is governed by section 12183(a)(2), which applies to "a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof . . . ."

Second, and more important, section 12183(a)(1) is expressly limited to "discrimination" "as applied to public accommodations and commercial facilities . . . *for*

9

*purposes of section . . . 12182(a).*" (Italics added.) Two federal cases have construed the italicized language to mean "that only an owner, lessee, lessor, or operator of a noncompliant public accommodation can be held liable under . . . the ADA for the 'design and construct' discrimination described in [section] 12183(a)." (*Lonberg v. Sanborn Theaters Inc.* (9th Cir. 2001) 259 F.3d 1029, 1036; *Paralyzed Veterans of America v. Ellerbe Becket Architects & Eng'rs, P.C.* (D.D.C. 1996) 945 F.Supp. 1, 2, overruled on another ground in *Perez v. Mortgage Bankers Association* (2015) 575 U.S. ___, ___ [135 S.Ct. 1199, 1203, 191 L.Ed.2d 186], ["the limitation in [section 12182(a) to owners, operators, and lessors also applies to [section 12183(a)(1)]"].)

Plaintiffs cite federal cases that have extended section 12183(a)(1)'s "design and construct" liability to architects. (*United States v. Ellerbe Becket, Inc.* (D. Minn. 1997) 976 F.Supp. 1262; *Johanson v. Huizenga Holdings, Inc.* (S.D. Fla. 1997) 963 F.Supp. 1175.) They also cite several cases that did not involve ADA litigation, but construed similar language appearing in the Federal Housing Act.

We conclude *Lonberg* and *Paralyzed Veterans* present the better reasoned analysis and interpretation of the issue and therefore follow them. *Lonberg* explained: "The ADA is comprised of three parts," one prohibiting "discrimination against the disabled with regard to employment," a second prohibiting "discrimination against the disabled by public entities," and the third part "which prohibits discrimination against the disabled with regard to access to commercial buildings. [Citation.] The text of each title follows the same basic structure" with "one provision which sets forth a rule of liability that prohibits 'discrimination' against the disabled by certain individuals," followed by "provisions which set forth what actions by these individuals constitute the prohibited 'discrimination.'" (*Lonberg v. Sanborn Theaters Inc., supra*, 259 F.3d at p. 1032, fn. omitted.) After discussing the conflicting interpretations of the ADA's public accommodations title, *Lonberg* concluded a "'parallel' interpretation is superior . . . because it conforms to the general structure of the other titles of the ADA, which

10

employ a general rule of liability to set forth who is liable, and subsequent provisions to describe what constitutes discrimination.  Moreover, the relief available [for public accommodations discrimination] better comports with the 'parallel' interpretation," because "[w]ith the exception of suits brought by the Attorney General in extreme cases under § 12188(b)(1)(B), actions under [this part] are limited only to injunctive relief, and "after the noncompliant building has already been built, . . . injunctive relief is only meaningful against the person currently in control of the building."  (*Id.* at pp. 1035-1036, fn. omitted.)

We find *Lonberg's* construction of the ADA's public accommodations provisions has merit and thus conclude the trial court properly held Coast is not subject to liability under the ADA for the injuries allegedly suffered by plaintiffs.


*4.  The Unruh Act*

Civil Code section 51, subdivision (b) declares, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Further, subdivision (f) provides, "A violation of the right of any individual under the federal Americans with Disabilities Act . . . shall also constitute a violation of this section."

As with the construction of federal statutes, when "interpreting a [state] statute, we first consider its words, giving them their ordinary meaning and construing them in a manner consistent with their context and the apparent purpose of the legislation." (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 168.)  "'If there is no ambiguity in the language, we presume the Legislature meant what it said and the

11

plain meaning of the statute governs.'" (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103.)

Plaintiffs argue Coast qualifies as a "business establishment." We disagree. While "'[t]he Legislature['s] use[]'" of terms such as "'"all" and "of every kind whatsoever" in referring to business establishments covered by the Unruh Act (Civ. Code, § 51), . . . leaves no doubt that the term "business establishments" was used in the broadest sense reasonably possible'" (*O'Connor v. Village Green Owners Assn.* (1983) 33 Cal.3d 790, 795), "the statute does not govern relationships which are truly private . . . and take place more or less outside 'public view.'" (*Isbister v. Boys' Club of Santa Cruz, Inc.* (1985) 40 Cal.3d 72, 84, fn. 14.)

Applying the foregoing to this case, it is clear Coast does not constitute a "business establishment" for purposes of the Unruh Act. Plaintiffs did not present any evidence rebutting Berri's claim that he created Coast solely to assist him in pulling permits to work on his retail business ventures and businesses operated by family members. Berri testified that he is Coast's sole employee and only temporarily hired one or two other persons to help install the tank at the gas station. Further, Berri claimed, without contradiction, that he does not advertise to the public at large.

The sole contrary evidence is that Berri listed 8221 Garden Grove Boulevard as Coast's address with the Secretary of State when he incorporated Coast and when he applied for a city business license. But his use of that address for mailing purposes does not lead to the conclusion that Coast constitutes a "business establishment" under the Unruh Act.

Thus, plaintiffs failed to present sufficient evidence creating a triable issue of material fact on whether Coast is a business establishment under the Unruh Act.

12

## 5. *The Premises Liability Cause of Action*

As noted above, "'[a] defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess, or control,'" and "'[w]here the absence of ownership, possession, or control has been unequivocally established, summary judgment is proper.'" (*Preston v. Goldman, supra,* 42 Cal.3d at p. 119.) Since we conclude the trial court properly granted summary judgment for Coast on the ADA cause of action because it did not own, nor possess or control the property at 8221 Garden Grove Boulevard, we further conclude plaintiffs' premises liability cause of action fails as well.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

IKOLA, J.

13